IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. **3:CR-04-0004** |
| v. | : | (Magistrate Judge Blewitt) |
| VERNON GRIFFITH, | : | |
| Defendant | : | |

## **MEMORANDUM AND ORDER**

**I. Background.**

On January 7, 2004, the government filed an Information in which Defendant, Vernon Griffith, was charged with possession of a controlled substance (*i.e.* cocaine base), a misdemeanor offense, in violation of 21 U.S.C. § 844. On January 14, 2004, Defendant consented to proceed before the undersigned, and Defendant waived the reading of the Information and pled guilty to the stated charge. (Docs. 7-9). The Court ordered a Presentence Investigation Report, and sentencing was scheduled for April 8, 2004. On April 8, 2004, the Court denied Defendant's Objections to the Presentence Investigation Report and sentenced Defendant to time served, $25 special assessment, and supervision for one year, commencing immediately. Defendant was advised of his right to appeal his sentence. (Doc. 14). Significantly, Defendant did not appeal his sentence.

Thereafter, Defendant was charged with violating the terms of his supervised release. At the Rule 5 hearing held on December 16, 2004 with respect to the supervise release violations, Defendant waived his preliminary examination and detention hearing and admitted to the violations. The Court then sentenced Defendant on December 21, 2004 to three (3) months imprisonment with no supervised release. (Docs. 17 & 21).

On May 19, 2005, after fully serving his sentence and after the period of supervision had expired, Defendant, *pro se*, filed a Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 22). Defendant, after being granted an extension of time, filed a support Brief on August 30, 2005. (Doc. 27). On September 20, 2005, the Government responded to Defendant's motion by filing a Motion to Stay the Briefing schedule with respect to Defendant's § 2255 Motion and a Motion to Dismiss Defendant's Motion, along with a support Brief. (Docs. 29 & 30). To date, Defendant has not responded to the Government's Motion to Dismiss, and the time period within which he was required to do so has lapsed.[1]

Defendant argues that he was not informed by his counsel of the "devastating" immigration consequences of his guilty plea and, thus, claims that his guilty plea was not made knowingly and voluntarily. (Doc. 22, p. 7). Defendant seemingly states that, as a result of his guilty plea, he has been detained by immigration officials (at York County Prison ("YCP")) for removal proceedings. Defendant seeks to vacate his conviction. Defendant is deemed as asserting the collateral

---

[1] Since the governemt moved to stay its breif in oppositon to Defendant's § 2255 Motion, we did not require it to file such a brief pending dispositon of its Motion to Dismiss. We also note that because Defendant's § 2255 Motion and support Brief were thorough, we cosidered these filings in deciding the Government's Motion to Dismiss.

consequences exception to the in custody requirement of a § 2255 motion. Defendant also argues that the AEDPA's one-year statute of limitations period for filing a § 2255 motion should be tolled until he discovered the relevant facts supporting is claims. (Doc. 22, pp. 8-10, 12). The Government argues that Defendant is no longer in custody on the sentence which he is seeking to vacate and was not in custody when Defendant filed his Motion.[2]

In his support Brief, Defendant states that his deportation is "imminent," according to the Bureau of Immigration and Customs Enforcement ("BICE"). (Doc. 27, p. 1).[3] We cannot discern from Defendant's filings if a final removal order has been entered against him and if he has exhausted his remedies with respect to a final removal order. *See* 8 U.S.C. § 1252(d).[4]

While incarcerated at the York County, Pennsylvania, Prison, Defendant filed the instant Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255, challenging his April 8, 2004 simple possession conviction in this Court. Defendant admitted guilt to the stated offense and he was sentenced to time served. Also, at that time, Defendant was immediately placed on supervision for one year. (Doc. 14). Defendant's supervised release was revoked by the Court on December

---

[2] Since the Government did not claim that the one-year statute of limitations expired, we shall not address this issue. *See U.S. v. Eakman*, 378 F. 3d 294, 296 n. 4 (3d Cir. 2004).

[3] Under INA § 241(a)(2)(B)(i), an alien who is convicted of violating a controlled substance law at any time after admission is deportable.

[4] Under the REAL ID Act of 2005, Pub.L.No. 109-13, if a removal order is entered against an alien, he can challenge it in the Court of Appeals for the Circuit where the order is entered. *See Soyemi v. Chertoff*, No. 05-MC-145, p. 2 (M.D. Pa.) (May 26, 2005 Order, J. McClure).
Petitioner can also file a §2241 habeas petition in the district where he is in custody if he claims that his detention pending removal is unlawful after a final removal order is entered in his immigration case. *See Zadvyds v. Davis*, 533 U.S. 678 (2001).

21, 2004, and he was sentenced to three (3) months incarceration with no supervision upon release. (Doc. 21). As the Government correctly states, when Defendant filed his present Motion, both his original sentence and his subsequent sentence of three months imprisonment were fully served. (Doc. 30, p. 2). Defendant did not appeal either of his sentences, notwithstanding the Court having advised him of his rights to do so. The Government now argues that, since Defendant was not in custody on either of his sentences when he filed his Motion, nor was he under supervision, this Court lacks jurisdiction. We agree with the Government.

Defendant challenges his drug conviction based on his claim that, during the court proceedings, he was not advised by his counsel of the consequences his guilty plea would have on subsequent immigration proceedings. Defendant contends that his sentence should be vacated since he was not informed that a removal proceeding against him would be a consequence of his plea. Defendant's sentences imposed by this Court are no longer subject to direct appeal since he failed to pursue these remedies while they were available. Defendant states that he has been subjected to collateral consequences from his guilty plea in the nature of BICE's detainment of him and commencement of removal proceedings against him. The Court agrees with the Government and finds that Defendant was not in custody on his present conviction when he filed his § 2255 motion.

## II. Discussion.

### *A. In Custody*

The issues that Defendant is presently raising in his Motion are: (1) whether the evidence was insufficient that he was guilty of possessing crack cocaine when he was really only guilty of

using marijuana[5]; (2) whether he was innocent of the cocaine base possession conviction; and (3) whether his counsel (trial) was ineffective for not advising him that his deportation following his plea would be "unavoidable," rendering his plea as invalid since it was not knowingly made (Doc. 27).[6]  However, as the Government contends, Defendant has to be considered "in custody" on his drug conviction in order to attack his guilty plea in its entirety. (Doc. 30, pp. 2-4).  We find that to be 'in custody' for purposes of Section 2255, Defendant must be in physical custody under the challenged conviction at the time the motion was filed or still under supervision as a result of the conviction.  Thus, we determine that Defendant does not meet the in custody requirements under § 2255 on his 2004 drug conviction.

In *Eakman, supra* at 297, the Court stated that § 2255 is limited to challenges to the validity of a Defendant's <u>current</u> federal sentence.  Here, Defendant challenges the validity of his guilty plea.  He also claims in his Brief that his sentence was excessive. (Doc. 27, 6th to last page).  However, Defendant was no longer serving his 2004 sentence he seeks to challenge when he filed his § 2255 Motion.  Further, Defendant does not claim that his undisputed expired 2004 sentence this court imposed was used to enhance any subsequent sentence being served at YCP or at any other prison.  In *U.S. v. Hill*, 1997 WL 703011 * 2 (E.D. Pa.), the Court held that § 2255 allows an

---

[5] In his Brief, Defendant admits that he was a marijuana user but claims that there was no evidence linking him to crack cocaine. Doc. 27.

[6] Defendant admits in his Brief that his counsel mentioned deportation to him when contemplating his plea but he contends that his plea decision was not knowingly made since he was not informed that deportation was "unavoidable." (Doc. 27, 6th page from end).  We find the basis of Defendant's claim that his plea was not an informed decision to be completely without merit in light of his stated admission in his Brief.

inmate in custody under a federal sentence to move the court to correct an erroneous sentence. As stated, our Defendant was no longer in custody on his 2004 sentence when he moved to vacate it under § 2255. Since, as discussed below, this Court lacks jurisdiction with respect to Defendant's § 2255 Motion, we conclude that Defendant is not entitled to relief under § 2255. Therefore, we have not held any hearing, nor have we made findings of fact and conclusions of law. *See Eakman, supra* at 297.

Recently, the Third Circuit Court of Appeals in *Defoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005), stated as follows:

> A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a). Moreover, a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 631 (1982). This general principle derives from the case or controversy requirement of Article II of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted). In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* at 477; *see also Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that habeas petitioner does not remain "in custody" after the sentence imposed has fully expired merely because of the possibility that the prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted); *United States v. Romera-Vilca*, 850 F.2d 177, 179 (3d Cir. 1988) (holding that

> prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a collateral consequence of conviction).[7]

The *Defoy* Court also noted that there is a narrow exception to the general mootness rule, namely the collateral consequences doctrine. The Court explained:

> The doctrine of collateral consequences applies where a former prisoner can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand. *See Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968); *Chong v. Dist. Dir., INS,* 264 F.3d 378, 384 (3d Cir. 2001). It is a petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot. *United States v. Kissinger*, 309 F.3d 179, 181 (3d Cir. 2002). The Supreme Court has held that the length of a term of supervised release cannot be reduced "by reason of excess time served in prison." *United States v. Johnson*, 529 U.S. 53, 60 (2000). Requiring DeFoy to admit his guilt after having consistently denied it may have the collateral consequences of his being indicted for perjury. Therefore, even if DeFoy had already been released from prison, the collateral consequences doctrine would prevent the issue from being moot.

*Id*. at 442, n. 3.

The Government states that Defendant was no longer in custody with respect to his 2004 judgment he is seeking to attack when he filed his present Motion. The Government does not argue that Defendant's Motion is moot due to his release from custody, but argues that Defendant did not meet the in custody requirement because he did not file his § 2255 Motion before his sentence fully expired. (Doc. 30, n. 1, pp. 3-4). We find this distinction by the Government to be

---

[7]As the Government notes, in *Romero-Vilca*, the defendant filed his § 2255 motion when he was still in custody, unlike our Defendant. 850 F.2d 178-179 (Court of Appeals held that District Court had jurisdiction over defendant's § 2255 motion when it was filed since defendant was incarcerated at the time).

of merit, and thus, we find the collateral consequences doctrine Defendant invokes to be inapplicable.

The Government states that Defendant had fully served his April 2004 drug sentence, as well as his later December 2004 sentence (supervised release violation sentence) before he filed his § 2255 Motion on May 19, 2005. The record is clear as to these facts. Further, Defendant was no longer on supervised release when he filed his § 2255 Motion.[8]  We agree with the Government that, based on the undisputed record, Defendant had completed service of his 2004 sentences in their entirety before he filed his § 2255 Motion.[9]

Defendant filed his present § 2255 Motion after he had served the full sentences for his 2004 conviction and subsequent supervision violation. Defendant was no longer serving any sentences imposed pursuant to his 2004 conviction, and his period of supervision had expired. Thus, Defendant was not currently serving the challenged sentence for his 2004 conviction at the time he filed his § 2255 Motion.

We find that the record indeed shows that Defendant had completed in full both his April 2004 and December 2004 sentences prior to filing his § 2255 Motion. Therefore, we find that

---

[8] While we recognize that a defendant is still in custody for purposes of § 2255 if he is still under supervised release, our Defendant's supervised release expired before he filed his § 2255 Motion. *See U.S. v. Essig*, 10 F. 3d 968, 970 n. 3 (3d Cir. 1993).

[9] In its Brief, as mentioned, the government does not claim that Defendant 's §2255 motion is moot since he is no longer "in custody" regarding his 2004 drug conviction. Rather, the government's argument on this issue is that Defendant did not meet the in custody requirement of § 2255 because he did not file this motion before he fully served his sentence and before his period of supervision expired. (Doc. 30, pp. 3-4).

Defendant was no longer in custody on his 2004 sentences when he filed his §2255 Motion and that he is not able to attack his guilty plea and conviction, nor his sentence, in a §2255 motion. Thus, Defendant does not satisfy the in custody requirement for § 2255 jurisdiction. *See Maleng v. Cook*, 490 U.S. 488, 493 (1989) (*per curiam*).

Therefore, Defendant does not meet the in custody requirement of § 2255 in order to be able to now attack his 2004 conviction. Since we find that Defendant was no longer in custody on his 2004 conviction with respect to his § 2255 Motion and that he cannot now attack his guilty plea and conviction *via* § 2255, we shall dismiss his Motion *sans* an evidentiary hearing.

Accordingly, we shall grant the Government's Motion to Dismiss Defendant's § 2255 Motion.

An appropriate Order follows.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 17, 2005**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. **3:CR-04-0004** |
| | : | |
| | : | |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| VERNON GRIFFITH, | : | |
| | : | |
| Defendant | : | |

### ORDER

**AND NOW,** this **17th** day of **October, 2005**, **IT IS HEREBY ORDERED THAT** the Government's Motion to Dismiss **(Doc. 29)** Defendant's § 2255 Motion **(Doc. 22)** is **GRANTED.**


          **s/ Thomas M. Blewitt**
          **THOMAS M. BLEWITT**
          **United States Magistrate Judge**

**Dated: October 17, 2005**